Edward W. Swanson, SBN 159859
ed@smllp.law
Audrey Barron, SBN 286688
audrey@smllp.law
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorneys for Defendant CHEN SONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 3-20-MJ-70968 MAG |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR RECONSIDERATION** |
| vs. | |
| CHEN SONG, | |
| Defendant. | |

## **INTRODUCTION**

The only question before the Court is whether Dr. Song poses a flight risk. Since the Court ordered Dr. Song released on July 21, the evidence has only grown stronger that Dr. Song has no intention of fleeing: Dr. Song has retained private counsel, sat for an interview with Pretrial Services, been fully compliant with her conditions of release, and remained in her aunt's home subjected to location monitoring. The government's stated reason for reconsideration—that Dr. Song's six-year-old child flew back to China shortly after Dr. Song was arrested—does

not change the calculus.  There is nothing surprising or wrong about a young child returning to her home country to live with her father after her sole caretaker in the United States was arrested.

Dr. Song agrees with the recommendation of Pretrial Services that she remain on pretrial release and continue to be subjected to location monitoring with a curfew.  Dr. Song also agrees with Pretrial that a status hearing should be set in 60 days to revisit whether location monitoring remains necessary.

## LEGAL STANDARD

Under 18 U.S.C. § 3142(f), "[a] detention hearing may be reopened 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" 18 U.S.C. § 3142(f).

## ARGUMENT

The government's request for reconsideration is entirely based on the fact that Dr. Song's six-year-old daughter flew back to her home in China on July 19, one day after the FBI arrested Dr. Song in the presence of the child.  It is neither surprising nor illegal that Dr. Song's minor daughter, in a foreign country with no parent to care for her, returned to China to live with her father.  The government suggests, without citing any evidence, that the consulate arranged the child's travel.  But even if the consulate had been involved, there is nothing nefarious about a government working to safely repatriate a six-year-old child with no parents in the United States.

Although Dr. Song is understandably upset to be separated from her young child, her actions since the Court released her clearly demonstrate that she intends to remain in the United States until the conclusion of this case.  After being released from Santa Rita, Dr. Song returned to her aunt's house and has remained there ever since.  Dr. Song has been compliant with all conditions of her release, including wearing an ankle monitor.  Dr. Song retained undersigned private counsel and has been actively engaged in preparing her defense to the government's charges.  Simply put, these are not the actions of a person who plans to flee, and had the Chinese government intended to whisk her away, Dr. Song would be gone by now.  Instead, Dr. Song is

facing these charges and looks forward to reuniting with her daughter and husband at the conclusion of the case.

The government also argues that Dr. Song's custodian, Ms. Wang, should have affirmatively spoken up at the hearing to correct the government's misimpression that Dr. Song's daughter was still in the United States.  Even if it were reasonable to expect a lay witness with no legal training and for whom English is a second language to understand they had an affirmative obligation to speak up to correct the misimpression of a prosecutor, Ms. Wang could not have done so.  The detention hearing on July 20, in which the government mentioned Dr. Song's daughter, was fraught with technical problems that caused Ms. Wang to not be able to hear the translator or be heard during the hearing.  Ms. Wang remains an appropriate surety and custodian, and Pretrial agrees.

## CONCLUSION

Dr. Song has no passport.  Her aunt is securing a bond with her family home.  Dr. Song has retained counsel and begun preparing a defense.  She has met with Pretrial Services and agreed to wear an ankle monitor.  Dr. Song is not a flight risk, and the Court should adopt the recommendation of Pretrial Services that she remain on release with a curfew.